IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAAL THOMAS,

    Plaintiff,                         No. CIV S-11-1138 MCE EFB P

    vs.

ANTIPOV, et al.,

    Defendants.               <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding in forma pauperis and without counsel in an action brought under 42 U.S.C. § 1983. Plaintiff moves to quash defendants' subpoena to produce documents, and to amend his complaint. Dckt. Nos. 30, 33. Defendants Antipov, Downie and Parks filed a statement of non-opposition to the motion to amend, but request that the court's discovery and scheduling order be modified. Dckt. No. 32. For the reasons stated below, the court denies plaintiff's motion to quash, grants plaintiff's motion to amend, and grants defendants' request to modify the discovery and scheduling order.

**I.    Motion to Quash**

        In his motion to quash, plaintiff indicates that defendants served a subpoena to produce documents. Dckt. No. 33. Plaintiff, citing to Rule 45(c)(3) of the Federal Rules of Civil Procedure, argues that defendants' subpoena should be quashed because he was not provided

1

with a reasonable amount of time to produce responsive documents, responsive documents are not in his possession, and the requested documents are privileged. *Id.* He does not, however, include a copy of the subpoena or otherwise describe the contents of the subpoena. Because of this omission, the court cannot determine to whom the subpoena was directed, or whether grounds exist to quash it. Accordingly, plaintiff's motion to quash is denied.

**II.     Motion to Amend**

The court's discovery and scheduling order set December 30, 2011 as the deadline for filing motions to amend. Dckt. No. 19. On March 12, 2012, plaintiff moved to amend his complaint and argued it should be deemed timely filed due to "unforeseen and extraordinary circumstances." Dckt. No. 30 at 4. Defendants Park, Downie, and Antipov filed a statement of non-opposition to plaintiff's motion. Dckt. No. 32.

A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Plaintiff states that since commencing this action, he has learned the identities of three Doe defendants named in the original complaint. He seeks leave to amend in order to add these three individuals as defendants. Plaintiff explains he could not meet the court's deadline for filing a motion to amend because since December 16, 2011, he has had no access to his legal property or to the law library. Dckt. No. 30. Good cause appearing, the deadline for filing motions to amend is modified, and plaintiff's March 12, 2012 motion is deemed timely filed.

Rule 15(a)(1) provides that "[a] party may amend its pleading once as a matter of course within: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Because defendants Downie and Parks filed a responsive pleading on September 6, 2011, and defendant Antipov filed a responsive pleading on January 31, 2012, plaintiff's opportunity to amend "as a matter of course" expired 21 days

2

thereafter.  Nonetheless, Rule 15(a)(2) provides that "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The policy of freely granting leave to amend should be applied with "extreme liberality."  *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).  When determining whether to grant leave to amend under Rule 15(a), a court should consider the following factors: (1) undue delay; (2) bad faith; (3) futility of amendment; and (4) prejudice to the opposing party.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Granting or denying leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion.  *Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996).

Here, there is no indication that plaintiff, who is appearing pro se, unduly delayed in requesting leave to amend or that his filing was made in bad faith.  Further, the amendments made by plaintiff are not futile, as the court has already determined for purposes of 28 U.S.C. § 1915A, that they state cognizable claims.  *See* Dckt. No. 5.  Additionally, defendants have given their written consent to plaintiff's proposed amendments.  Dckt. No. 32.  Plaintiff's motion to amend is therefore granted.

**III.  Screening Order**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  The court finds that, for the limited purposes of § 1915A screening, the amended complaint states cognizable Eighth Amendment deliberate indifference to medical

////

////

needs claims against all defendants.[1]

**IV.     Request to Modify the Discovery and Scheduling Order**

Defendants request that the schedule be modified to extend the deadlines for discovery and dispositive motions by six months, given that plaintiff's amended complaint adds three new defendants to this action. Dckt. No. 32. Good cause appearing, defendants' request to modify the scheduling order is granted.

**V.     Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's March 14, 2012 (Dckt. No. 33) motion to quash is denied.

2. Plaintiff's March 12, 2012 motion to amend (Dckt. No. 30) is deemed timely filed, and is granted.

3. The Clerk of the Court is directed to re-docket plaintiff's "proposed" amended complaint (Dckt. No. 31), as an amended complaint.

4. The allegations in the amended complaint are sufficient to state cognizable claims that defendants Antipov, Parks, Downie, McGee, Ma, and RN Kevin were deliberately indifferent to plaintiff's serious medical needs in violation of the Eighth Amendment.[2]

5. The Clerk of the Court shall send plaintiff a blank summons, a copy of the amended complaint, three USM-285 forms and instructions for service of process on defendants McGee, Ma, and RN Kevin.

////

////

---

[1] The court notes that paragraph 7 of the amended complaint still names only "Jane Doe #2." *See* Dckt. No. 31. If plaintiff intended to substitute a named defendant for this Doe, he must promptly notify the court and make the necessary correction through filing an amended paragraph 7, or a second amended complaint.

[2] Defendants Antipov, Parks, and Downie have already been served with process and have appeared in this action. *See* Dckt. Nos. 15, 24.

4

6. Within 30 days from service of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit it to the court with the completed summons and USM-285 forms and three copies of the endorsed March 12, 2012 amended complaint.  Failure to comply with this order will result in a recommendation that defendants McGee, Ma, and RN Kevin be dismissed from this action.

7. Upon receipt of the necessary materials, the court will direct the United States Marshal to serve defendants McGee, Ma, and RN Kevin, pursuant to Federal Rule of Civil Procedure 4 without payment of costs.  Defendants McGee, Ma, and RN Kevin will be required to respond to plaintiff's allegations within the deadlines stated in Rule 12(a)(1) of the Federal Rules of Civil Procedure and defendants Antipov, Parks, and Downie may file their response at the same time.

8. Defendants Antipov, Parks, and Downie's request to modify the scheduling order (Dckt. No. 32) is granted.  The deadlines for discovery and dispositive motions set in the September 13, 2011 discovery scheduling order (Dckt. No. 19) are vacated.  After the newly named defendants file a responsive pleading to the amended complaint, the court will issue a revised discovery and scheduling order.

DATED:  April 11, 2012.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JAMAAL THOMAS,

        Plaintiff,                     No. CIV S-11-1138 MCE EFB P

   vs.

ANTIPOV, et al.,

        Defendants.             <u>NOTICE OF SUBMISSION OF DOCUMENTS</u>

                                /

Plaintiff hereby submits the following documents in accordance with the court's Screening Order:

      <u>  1  </u>      completed summons form

      <u>  3  </u>      completed forms USM-285

      <u>  4  </u>      copies of the March 12, 2012 Amended Complaint

Dated:

                                          Plaintiff