UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL THOMAS,<br><br>             Plaintiff,<br><br>     v.<br><br>ANTIPOV, et al.,<br><br>             Defendants. | No. 2:11-cv-1138-MCE-EFB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Numerous pretrial and discovery-related motions are pending before the court.  Those motions are addressed below.

**I.     Procedural Background**

Plaintiff filed his original complaint initiating this lawsuit on April 28, 2011.  ECF No. 1.  This action is now proceeding on plaintiff's second amended complaint, which the court screened on June 19, 2012, and found to state cognizable claims against defendants Antipov, Park, Downie, McGee, Ma, Kevin Grinde, and Maciel.  ECF Nos. 45, 50.

On October 24, 2012, Antipov, Park, Downie, McGee, and Maciel filed an answer to plaintiff's second amended complaint.  ECF No. 57.  On June 18, 2013, Grinde and Ma filed an answer.  ECF No 77.

/////

1

1    On June 28, 2013, the court issued a revised discovery and scheduling order. ECF No. 81.
2 The court ordered that all parties may conduct discovery until September 25, 2013. It further
3 ordered that all requests for discovery pursuant to Fed. R. Civ. P. 31, 33, 34, or 36 had to be
4 served no later than July 25, 2013. Finally, the order stated that dispositive motions shall be filed
5 on or before November 25, 2013.

6 **II.  Plaintiff's Motion for a Preliminary Injunction**

7    On September 19, 2013, plaintiff filed a motion that he styled as a motion for preliminary
8 injunction and temporary restraining order. That motion is actually a discovery request seeking
9 copies of his medical/dental records by prison authorities. ECF No. 88. Plaintiff now represents
10 that he was provided a copy of those records on September 18, 2013. *See* ECF No. 97 at 82 (Pl.'s
11 Decl.) ¶ 7; *see also* ECF No. 94-1, Wolff Decl., Ex A (documenting plaintiff's receipt of 594
12 pages of medical records on September 18, 2013). Accordingly, the motion is denied as moot.

13 **III.  Plaintiff's Motion to Modify the Scheduling Order**

14    Plaintiff has filed a motion to further modify the discovery and scheduling order to extend
15 the period of time during which the parties may serve written discovery requests up to and
16 including the date that he actually served his requests. ECF No. 86. The purpose of plaintiff's
17 motion is to make timely certain written discovery requests that he previously served, but were
18 untimely under the current scheduling order. He also seeks to extend the period for conducting
19 discovery and for filing dispositive motions. Defendants oppose the motion arguing that good
20 cause does not support plaintiff's requested modifications. ECF No. 87.

21    A scheduling order may be modified upon a showing of good cause. Fed. R. Civ. P.
22 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline
23 despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th
24 Cir. 1992).

25    Plaintiff claims that since the court issued the revised schedule on June 25, 2013, he has
26 been denied access to the law library and his legal materials. However, defendants submit the
27 declaration of the law librarian who works where plaintiff is housed. The librarian's review of
28 records shows that plaintiff did not put in any request to go to the law library in July 2013. ECF

2

1   No. 87-1 (Triche Decl.) ¶ 3.  The records also show that plaintiff submitted just one request to
2   have copies made.  *Id.* ¶ 4.  The request was submitted by plaintiff on July 22, 2013.  *Id.*  It was
3   approved, and the copies were made.  *Id.*  Thus, the record does not demonstrate that plaintiff has
4   exercised the requisite due diligence in meeting the discovery deadline.

5       Plaintiff also states that he was only able to begin serving his discovery requests in August
6   2013, through "spare legal materials from other inmates."  ECF No. 86 at 5 (Pl.'s Decl.) ¶ 9.
7   However, plaintiff's timely service of written discovery requests on defendants Park and Downie
8   as early as July 23, 2013 undermines that representation.  ECF No. 87-2 ("Wilson Decl.") ¶ 7.  It
9   is apparent that plaintiff had the ability to timely serve discovery requests upon defendants.
10  While plaintiff served some in a timely fashion, he was not diligent in serving all of them in a
11  timely manner.

12      Plaintiff further asserts that he could not participate in discovery without first having
13  access to his medical/dental records.  Plaintiff did not receive these records until September 18,
14  2013.  However, plaintiff was able to timely serve discovery requests upon Park and Downie
15  without them.  He was also able to serve a great number of written discovery requests in August
16  2013.  *See* Wilson Decl. ¶ 8-11 (stating that plaintiff served multiple requests for admission,
17  interrogatories, and requests for production during the month of August).  Thus, plaintiff's
18  purported need to first review his medical records before serving his discovery requests is not
19  supported by the record.

20      Plaintiff has not demonstrated that despite his diligence, he could not timely serve his
21  discovery requests.  Therefore, plaintiff's motion to modify the court's discovery and scheduling
22  order (ECF No. 86) is denied.

23  **IV.     Plaintiff's Motion to Withdraw "Deemed Admissions"**

24      On September 26, 2013, plaintiff filed a motion with the court to withdraw his deemed
25  admissions.  ECF Nos. 91, 92 (explaining that he failed to timely respond to defendants' requests
26  for admissions, and was not aware the consequences of his failure to respond); *see also* Fed. R.
27  Civ. P. 36(a)(3) ("A matter is admitted unless, within 30 days after being served, the party to
28  /////

whom the request is directed serves . . . a written answer or objection").[1]  Defendants oppose the motion on the grounds that plaintiff "has continually ignored the rules of discovery in this case and to allow him to withdraw the admissions at this late date after the close of discovery would be prejudicial to the defendants in their efforts to gather evidence."  ECF No. 96.  As an alternative, should the court grant plaintiff's motion, defendants request that plaintiff be ordered to also provide responses to the defendants' interrogatories, which were linked to the requests for admissions, and to which plaintiff also failed to respond.

A party may withdraw or amend an admission if the court finds that withdrawal will aid in presenting the merits of the case; and no substantial prejudice to the party who requested the admission will result from allowing the admission to be withdrawn or amended.  Fed. R. Civ. P. 36(b); *see Conlon v. United States*, 474 F.3d 616, 625 (9th Cir. 2007) (court must consider both factors in deciding motion to withdraw or amend).  Here, withdrawal of plaintiff's admissions will certainly aid in presenting the merits of the case, and serves the truth-seeking goal of litigation.  In addition, requiring plaintiff to also provide responses to defendants' related interrogatories will alleviate the prejudice caused to defendants by allowing plaintiff to withdraw his admissions.  Therefore, plaintiff's motion (ECF No. 91) is granted.  Plaintiff shall respond to defendants' interrogatories within 30 days of this order.

## V. Plaintiff's Motion for Appointment of Counsel and Experts

Plaintiff requests that the court appoint counsel.  ECF No. 97.  District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases.  *Mallard v. United States Dist. Court*, 490 U.S. 296, 298 (1989).  In exceptional circumstances, the court may request an attorney to voluntarily to represent such a plaintiff.  *See* 28 U.S.C. § 1915(e)(1); *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wood v. Housewright*, 900 F.2d 1332, 1335-36 (9th Cir. 1990).  When determining whether "exceptional circumstances" exist, the court must consider the likelihood of success on the merits as well as the ability of the plaintiff to

---

[1] Plaintiff also filed what appear to be his responses to defendants' requests for admissions.  *See* ECF No. 93 (mistakenly filed as a "response . . . re . . . motion to compel").  The Clerk of the Court is directed to modify the docket entry for ECF No. 93 to reflect that the documents are exhibits to plaintiff's motion to withdraw (ECF No. 91).

articulate his claims pro se in light of the complexity of the legal issues involved. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Having considered those factors, the court finds there are no exceptional circumstances in this case.

Plaintiff also requests that the court appoint an expert cardiologist to address the issue of whether defendants' actions caused plaintiff's heart damage, and an expert pharmacologist to explain what makes up the medication "salsalate." ECF No. 97. Under Federal Rule of Evidence 706, a district court has discretion to appoint an expert witness. Fed. R. Evid. 706(a). At this stage in the proceedings, there is no need for any expert testimony. Moreover, plaintiff's pro se and in forma pauperis status do not entitle him to appointment of an expert. *See Tedder v. Odel*, 890 F.2d 210 (9th Cir. 1989); *see also Moran v. Dovey*, No. 1:08-cv-0016 GBC, 2012 U.S. Dist. LEXIS 75691, at *2-3 (E.D. Cal. May 31, 2012) (denying plaintiff's request for appointment of expert witness, noting the court's "burgeoning docket of civil rights cases filed by prisoners proceeding pro se and in forma pauperis," and that "[t]he facts of this case are no more extraordinary and the legal issues involved no more complex than those found in the majority of the cases now pending before the Court."). Plaintiff's request for the court to appoint experts is denied.

**VI.    Defendants' Motion to Compel**

Defendants move, pursuant to Rule 37 of the Federal Rules of Civil Procedure, for an order compelling plaintiff to be deposed and to provide responses to their requests for production of documents. They also seek costs for bringing their motion. ECF No. 89.

**A. Deposition**

If a party refuses to answer questions propounded at a deposition under Rule 30, the discovering party may move for an order compelling an answer. Fed. R. Civ. P. 37(a)(3)(B)(i).

Plaintiff's deposition originally took place on February 24, 2012. ECF No. 89-2 ("Wilson Decl.") ¶ 12. At that time, plaintiff had not yet filed his second amended complaint and the only defendants in the action were Downie, Park, and Antipov. *Id.* Subsequent to that deposition, plaintiff added McGee, Ma, Grinde, and Maciel as defendants. *Id.* Therefore, on August 1, 2013, defendants served a notice of the continued taking of plaintiff's deposition. *Id.* ¶ 12, Ex. I. The

purpose of the continued deposition was to question plaintiff about his claims asserted against the four new defendants. *Id.* ¶ 12. The continued deposition was scheduled for September 19, 2013. *Id.* ¶ 12, Ex. I.

On September 19, 2013, defense counsel traveled to California State Prison, Sacramento for the purpose of deposing plaintiff. *Id.* ¶ 16. Once plaintiff was brought into the room, he was sworn in and defense counsel proceeded through some initial questions to ensure that plaintiff understood the procedures for a deposition. *Id.* When asked if there was any reason why he could not proceed with the deposition, plaintiff stated that he objected to the taking of his deposition. *Id.* He explained that he had just received his medical records on the previous day, believed that the taking of his deposition was harassment, and that he was refusing to proceed with his deposition until the court orders him to do so. *Id.*

Plaintiff admits that he objected to the deposition and asked that it be "suspended" until he could obtain a court order. ECF No. 97 at 119. Plaintiff explains that he was dissatisfied with the "atmosphere" in the deposition room because he was in a locked cage and handcuffed, and because correctional officers were close enough that they would have been able to hear any embarrassing testimony plaintiff might give. ECF No. 97 at 17, 82-83 (Pl.'s Decl.) ¶ 11. These objections appear disingenuous. Plaintiff admits that he had already decided he would object to the deposition the day before it took place, i.e., before he had experienced the "atmosphere" in the deposition room. *See id.* ¶ 10. Plaintiff states that on the day before, his jail-house lawyer directed him to object pursuant to Rule 30(d)(3)(A), on the grounds that he did not have sufficient time to review his medical records, and that the deposition was conducted in bad faith, and unreasonably annoys, or embarrasses plaintiff. *Id.* ¶ 10. Plaintiff fails to identify any aspect of the deposition that could be viewed as bad faith, annoyance, or embarrassment.

Plaintiff claims he was justified in objecting pursuant to Rule 30(d)(3)(A) because he did not receive his medical records until the day before the deposition and did not have adequate time to review them. *Id.* It is not at all clear why plaintiff needed to review his medical records in order to proceed with the deposition, especially given that plaintiff had previously been deposed in 2012 regarding his claims against the three original defendants. Regardless, plaintiff has now

1  had ample time to review those records.  Plaintiff's objections to the deposition are overruled.
2  Defendants' motion to compel plaintiff to answer questions in a deposition is granted.

### B. Requests for Production

If a party refuses to permit inspection of documents as requested under Rule 34, the discovering party may move for an order compelling an answer.   Fed. R. Civ. P. 37(a)(3)(B)(iv).

On July 23, 2013, defendants Antipov, Grinde, Ma, Maciel, and McGee served requests for production of documents, sets one, on plaintiff.  Wilson Decl. ¶¶ 4-8 & Exs. A-E.  On July 25, 2013, defendants Downie and Park each served requests for production of documents, sets two, upon plaintiff.  *Id.* ¶¶ 9, 10, Exs. F, G.  With his opposition, plaintiff includes his responses to these requests and claims that prison officials prevented him from responding any sooner.[2]  ECF No. 97 at 14.  Regardless, plaintiff's belated discovery responses render defendants' motion to compel moot.

### C. Costs

Defendants move for an order that plaintiff pay to them the sum of one thousand two hundred and thirty five dollars as reasonable costs and attorney fees incurred in connection with the preparation of their motion.  Their motion is made on the grounds that plaintiff's refusal to be deposed and failure to provide any responses to their requests for production of documents was without justification.

A party who prevails on a motion to compel is entitled to his expenses, unless the losing party was substantially justified in its response, or other circumstances make such an award unjust.  Fed. R. Civ. P. 37(a)(5).  Here, plaintiff was not substantially justified in refusing to participate in his deposition or in failing to timely respond to defendants' requests for production. Nevertheless, the court finds that an award of costs would be an ineffective deterrent and inappropriate here in light of plaintiff's indigent status.  *See* ECF No. 2.  Accordingly, the court

---

[2] It appears from plaintiff's belated responses that he could have timely served them.  *See id*. at 26-59 (offering, as his most frequent response, that he objects to the request on the ground that he does not have access to the record requested).  Further, plaintiff's assertion that prison officials somehow prevented him from responding in a timely manner is undermined by his successful filing of a motion to amend, including exhibits, case citations, and case file references, with the court in mid-August.  ECF Nos. 82, 83.

7

1  does not award costs for bringing the instant motion.  Nonetheless, if it becomes apparent that
2  some form of sanction is necessary, there are other non-monetary remedies that may be imposed.
3  Plaintiff is hereby admonished that his continued failure to cooperate in discovery or to comply
4  with this order may result in the dismissal of this case.  *See* Fed. R. Civ. P. 37(b)(2)(A)(v), 41(b);
5  *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998);
6  *Henry v. Gill Indus.,* 983 F.2d 943, 946, 948 (9th Cir. 1993).

7  **VII.    Plaintiff's Motion to Compel**

8  On October 17, 2013, after the close of discovery, plaintiff requested leave to serve
9  additional interrogatories.  ECF No. 97 at 13, 84 (Pl.'s Decl.) ¶ 13.  The request, which requires
10 modification of the scheduling order, is not supported by a showing of good cause.  Accordingly,
11 the request is denied.

12 **VII.    Summary of Order**

13 Accordingly, IT IS HEREBY ORDERED that:

14 1. Plaintiff's motion for a preliminary injunction (ECF No. 88) is denied as moot.

15 2. Plaintiff's motions for an extension of time/modification of the scheduling order (ECF
16 Nos. 86, 97) are denied.

17 3. The Clerk of the Court is directed to modify the docket entry for ECF No. 93 to reflect
18 that the documents are exhibits to plaintiff's motion to withdraw (ECF No. 91).

19 4. Plaintiff's motion to withdraw his admissions (ECF No. 91) is granted, and plaintiff
20 shall respond to defendants' interrogatories within 30 days of the date of this order, if he has not
21 already done so.

22 5. Plaintiff's motion for the appointment of counsel and for experts (ECF No. 97) is
23 denied without prejudice.

24 6. Defendants' motion to compel (ECF No. 89) is granted as to plaintiff's deposition and
25 denied in all other respects.

26 /////
27 /////
28 /////

8

7. Discovery is reopened for the limited purpose of complying with this order and to allow defendants to take the continued deposition of plaintiff, and to file any further motions to compel in response to plaintiff's belated discovery responses, as discussed herein. The deadline for completing this additional discovery is January 22, 2014.

8. The deadline for filing dispositive motions is continued to March 24, 2014.

Dated: November 19, 2013.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE