UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL THOMAS,<br><br>           Plaintiff,<br><br>      v.<br><br>ANTIPOV, et al.,<br><br>           Defendants. | No.  2:11-cv-1138-MCE-EFB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.  Defendants moved for summary judgment, relying in part, on portions of plaintiff's February 24, 2012 deposition testimony.  ECF No. 112.  Plaintiff moves to strike the deposition transcript on the grounds that he was not provided the opportunity to review the transcript and make corrections.  ECF No. 115; *see* Fed. R. Civ. P. 30(e)(1) (upon request, deponent must be allowed thirty days after the deposition transcript is completed to review the transcript and sign a statement listing any changes).  Plaintiff explains that despite his numerous attempts to arrange for his review of the transcript with a litigation coordinator and counselor, such a meeting never took place.  Plaintiff states that on February 28, 2014, he was finally provided with a copy of the transcript.  ECF No. 115-1, ¶ 11.  He does not claim that there are any errors or inaccuracies in the transcript.

/////

Plaintiff's motion to strike the transcript is denied.  Although plaintiff's opportunity to review the transcript appears to have been unreasonably delayed, the delay has not prejudiced plaintiff.  *See Hollis v. Sloan*, No. 2:08-cv-2674-TLN-KJN (Oct. 25, 2012, E.D. Cal.) ("In the absence of any showing of prejudice, the court finds no basis for striking plaintiff's deposition transcript.").  However, if plaintiff has proposed corrections to his testimony as recorded in the transcript, he may file and serve a list of those corrections with his opposition to defendants' summary judgment motion.  Plaintiff may not alter the content of the transcript as it relates to questions asked of him or statements made by others in the deposition, nor may he simply rewrite the essence of his deposition testimony.  *See id.* (requiring that any proposed corrections be "reasonable" without rewriting deposition testimony); *Hambleton Bros. Lumber Co. v. Balkin Enters.*, 397 F.3d 1217, 1225 (9th Cir. 2005) ("While the language of [Rule] 30(e) permits corrections 'in form or substance,' this permission does not properly include changes offered solely to create a material factual dispute in a tactical attempt to evade an unfavorable summary judgment.").  The defendants will be free to comment upon any changes to the deposition answers both in their reply brief and, if necessary, at trial.  The court will consider plaintiff's proposed corrections, together with the portions of the transcript submitted by defendants, in evaluating the merits of defendants' motion.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to strike his deposition transcript (ECF No. 115) is denied.

DATED:  July 10, 2014.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE