1

2

3

4

5

6

7

8                         UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JAMAAL THOMAS,                          No.  2:11-cv-1138-MCE-EFB P

12               Plaintiff,

13        v.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   ANTIPOV, et al.,

15               Defendants.

16

17        Plaintiff is a state prisoner proceeding without counsel in an action brought under 42

18   U.S.C. § 1983.  On May 20, 2015, United States Magistrate Judge Kendall J. Newman presided

19   over a settlement conference, which resulted in the parties' agreement to settle this case.

20   ECF No. 142.  Upon confirmation that a settlement had been reached, the terms of the settlement

21   were stated on the record.  *Id.*  Thereafter, however, plaintiff sent a letter to Judge Newman

22   stating that he (plaintiff) had decided to "decline" defendants' settlement "offer."  ECF No. 144.

23   Judge Newman responded by order that "[t]he record reflects that all parties agreed to the terms

24   of the settlement in open court."  ECF No. 143.  Plaintiff now moves for a second settlement

25   conference.  ECF No. 147.  Defendants move to enforce the settlement agreement.  ECF No. 149.

26   **I.        Background**

27        The current dispute centers around a portion of the settlement agreement in which plaintiff

28   agreed to substitute the California Department of Corrections and Rehabilitation ("CDCR") for

1

1    defendants in this action for purposes of settlement.  According to plaintiff, when the substitution

2    was discussed at the settlement conference, "vital information was withheld from plaintiff and

3    suppressed by Defendants."  Plaintiff states that this "vital information" is the fact that one

4    purpose for the defendants wanting the substitution as a condition of settlement was for "keeping

5    defendants' records 'clean' before the Medical License Board."  ECF No. 150 at 4.  Plaintiff

6    states that, if he had known this motivation by defense, he would not have agreed to the

7    settlement.  He also states that there is some language in the proposed written settlement

8    agreement (which he does not identify) that he does not understand.  While not entirely clear, it

9    appears that plaintiff has not asked for clarification of the language from defense counsel.

10   Instead, plaintiff would like Judge Newman to hold a new settlement conference to clarify the

11   language.

12          The recording of the proceeding in which the settlement was placed on the record

13   confirms that a settlement agreement was in fact reached.  It also confirms that all parties were

14   aware of the condition insisted upon by defendants that the CDCR be substituted in place of the

15   individually named defendants.  Defense counsel noted on the record that the substitution was

16   "for settlement purposes."  Judge Newman informed plaintiff, on the record, that the settlement

17   funds would come from CDCR anyway and asked if he objected to the substitution.  Plaintiff said

18   no.  Later, after the settlement had been confirmed and stated for the record, plaintiff asked if the

19   sole reason for the substitution was because CDCR would be paying the funds.  Judge Newman

20   specifically informed plaintiff that another reason was that medical professionals may have

21   various reporting responsibilities as a result of litigation against them, and that the substitution

22   would make things cleaner, noting that the money to fund the settlement was coming from CDCR

23   anyway.  Defense counsel agreed, saying unequivocally that defendants wanted the substitution to

24   /////

25   /////

26   /////

27   /////

28   /////

2

1    avoid the reporting requirements.[1]  Plaintiff voiced no objection.  The settlement was confirmed

2    on the record and the hearing ended.

3        **II.    Analysis**

4            When the parties to litigation come to an oral agreement to settle the case and agree in

5    open court to the terms of the agreement as they are placed on the record, the parties become

6    bound by the agreement even if they have not yet signed a written settlement agreement.  *Doi v.*

7    *Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002).  Plaintiff's contention that "vital

8    information" regarding the substitution of CDCR for the defendant doctors was "withheld" from

9    him is belied by the hearing record, which confirms that Judge Newman and defense counsel

10   straightforwardly informed plaintiff that defendants wanted the substitution to avoid certain

11   reporting requirements.  Indeed, it appears that this was precisely the point of defendants'

12   willingness to compromise in a case that they otherwise would have litigated to judgment.

13   Having been so informed, plaintiff did not raise any objection.  As confirmed by the record of the

14   settlement proceedings, plaintiff expressly and knowingly agreed to the terms of the settlement in

15   open court and he is now bound by the settlement agreement as stated on the record just as though

16   he had signed a written agreement containing those terms.  *Doi*, 276 F.3d at 1137-38.

17           As to plaintiff's claim that he needs help understanding certain unidentified portions of the

18   written agreement, Judge Newman directed plaintiff to first seek an explanation of anything in the

19   agreement he did not understand from defense counsel.  Plaintiff does not indicate that he has

20   ───────────────

21           [1] While it is unclear, plaintiff appears to question the propriety of the defendants'
     motivation for the settlement.  There are several reasons why a litigant may choose to
22   compromise and settle a claim, even in a case that the litigant is confident it could win (albeit at
     the cost of still further attorney fees and litigation costs).  Identifying potential motivations to
23   settle and finding creative ways to enable the parties to compromise are necessary challenges in
     presiding over settlement conferences.  Reporting procedures that might adversely affect a
24   litigant's ability to continue in a profession if that litigant agrees to pay what it considers even a
     nuisance value settlement to avoid paying higher costs by proceeding to trial present such a
25   challenge.  The compromise reached here enables CDCR to pay a settlement amount that is
     satisfactory to the plaintiff, yet low enough for CDCR (which bears the litigation costs) to warrant
26   settlement without further litigation expenses, and yet achieves the very goal of the individual
     defendants who wanted the case to proceed to judgment and may not have otherwise consented to
27   the settlement.  There was nothing inappropriate about facilitating that compromise, which was
     disclosed to plaintiff at the time that the agreement was placed on the record.
28

                                                      3

1   done so, nor does he identify which portions of the agreement are unclear.  While plaintiff is free

2   to confer with defense counsel regarding any portions of the agreement that he now claims he

3   does not understand, he has not presented any reason to set aside the terms of the settlement

4   agreement as stated on the record at the time of the court supervised settlement conference.

5   **III.     Conclusion and Recommendation**

6          For the reasons stated above, the undersigned recommends that:

7      1.  Plaintiff's motion for a second settlement conference (ECF No. 147) be denied

8          without prejudice.

9      2.  Plaintiff be provided a period of 30 days in which to file a new motion for a second

10         settlement conference with Judge Newman.  Such a motion must describe the portions

11         of the agreement plaintiff does not understand and indicate that plaintiff has discussed

12         those portions with defense counsel prior to filing the motion.

13     3.  Ruling on defendants' motion to enforce the settlement agreement (ECF No. 149) be

14         deferred until the resolution of the new motion for a second settlement conference

15         filed by plaintiff or the date on which the time for filing such a motion passes.

16         These findings and recommendations are submitted to the United States District Judge

17  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18  after being served with these findings and recommendations, any party may file written

19  objections with the court and serve a copy on all parties.  Such a document should be captioned

20  "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

21  within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

22  *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23  DATED:  August 2, 2016.

24

25                                EDMUND F. BRENNAN
                                  UNITED STATES MAGISTRATE JUDGE

26

27

28