UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAAL THOMAS,<br><br>        Plaintiff,<br><br>   v.<br><br>ANTIPOV, et al.,<br><br>        Defendants. | No. 2:11-cv-1138-MCE-EFB P<br><br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On May 20, 2015, the parties reached an agreement to settle this case during a settlement conference presided over by United States Magistrate Judge Kendall J. Newman. ECF No. 142. The terms of the settlement were stated on the record and the parties confirmed their understanding of, and agreement with those terms. *Id.* Defendants now move to enforce the settlement agreement. ECF No. 149. Plaintiff has responded with a second motion for a second settlement conference. ECF No. 164.

**I.    Background**

Following the May 20, 2015 settlement conference, plaintiff sent a letter to Judge Newman stating that he (plaintiff) had decided to "decline" defendants' settlement "offer." ECF No. 144. Judge Newman responded by order that "[t]he record reflects that all parties agreed to the terms of the settlement in open court." ECF No. 143.

1

Plaintiff then moved for a second settlement conference and defendants moved to enforce the settlement agreement. ECF Nos. 147, 149. Plaintiff claimed he needed help understanding certain unidentified portions of the written agreement. He also challenged a portion of the settlement agreement in which plaintiff agreed to substitute the California Department of Corrections and Rehabilitation ("CDCR") for defendants Downie and Antipov for purposes of settlement. According to plaintiff, he was not aware that one purpose for the defendants wanting the substitution as a condition of settlement was for "keeping defendants' records 'clean' before the Medical License Board." ECF No. 150 at 4. In addressing this concern, the court found as follows:

> The recording of the proceeding in which the settlement was placed on the record confirms that a settlement agreement was in fact reached. It also confirms that all parties were aware of the condition insisted upon by defendants that the CDCR be substituted in place of the individually named defendants. Defense counsel noted on the record that the substitution was "for settlement purposes." Judge Newman informed plaintiff, on the record, that the settlement funds would come from CDCR anyway and asked if he objected to the substitution. Plaintiff said no. Later, after the settlement had been confirmed and stated for the record, plaintiff asked if the sole reason for the substitution was because CDCR would be paying the funds. Judge Newman specifically informed plaintiff that another reason was that medical professionals may have various reporting responsibilities as a result of litigation against them, and that the substitution would make things cleaner, noting that the money to fund the settlement was coming from CDCR anyway. Defense counsel agreed, saying unequivocally that defendants wanted the substitution to avoid the reporting requirements. Plaintiff voiced no objection. The settlement was confirmed on the record and the hearing ended.
>
> . . . Plaintiff's contention that "vital information" regarding the substitution of CDCR for the defendant doctors was "withheld" from him is belied by the hearing record, which confirms that Judge Newman and defense counsel straightforwardly informed plaintiff that defendants wanted the substitution to avoid certain reporting requirements. Indeed, it appears that this was precisely the point of defendants' willingness to compromise in a case that they otherwise would have litigated to judgment. Having been so informed, plaintiff did not raise any objection. As confirmed by the record of the settlement proceedings, plaintiff expressly and knowingly agreed to the terms of the settlement in open court and he is now bound by the settlement agreement as stated on the record just as though he had signed a written agreement containing those terms. *Doi*, 276 F.3d at 1137-38.

ECF No. 155 at 2-3 (footnote and heading omitted). Nonetheless, the court denied plaintiff's motion for a second settlement conference without prejudice to plaintiff's filing of a new motion

describing the portions of the agreement he does not understand and indicating that he had conferred with defense counsel regarding the same. ECF No. 163. The court deferred ruling on defendants' motion to enforce the settlement agreement until the resolution of any new motion for a second settlement conference. *Id.*

On February 10, 2017, plaintiff filed yet another motion for a "second settlement conference." ECF No. 164. That motion at least gives some indication of the terms that plaintiff disputes. It includes a copy of the settlement agreement showing plaintiff's handwritten notations to the "specific portion[s]" that plaintiff claims he "does not understand and did not agree to." ECF No. 164 at 2, 8-9. Those portions include: (1) a general release by plaintiff of all "past, present, and future" claims, including "unknown" claims, that "could arise" from the facts alleged in plaintiff's complaint; (2) a waiver of the provisions of California Civil Code § 1542[1]; (3) language indicating that the settlement agreement "shall not be treated as an admission of liability by any of the parties"; and (4) a release by plaintiff, his successors, and assigns, of all claims that are the subject matter of the settlement agreement that plaintiff may have "at any time in the future" against the other parties and their successors.[2] *Id.* at 8-9. However, rather than not understanding the agreement, it is apparent that plaintiff simply has developed a case of buyer's remorse.

The recording of the settlement proceeding confirms that all parties were aware that the settlement encompassed "a complete settlement of all claims that [plaintiff] brought or could have brought in this case" and served as a "complete resolution of this matter." In stating the material terms of the settlement agreement, Judge Newman explained that in exchange for the sum of $10,000, plaintiff would be dismissing this case with prejudice and would thereby, "release all

---

[1] Section 1542 states that "[a] general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor." In the absence of actual fraud, the express waiver of all rights under this section is valid. *Pacific Greyhound Lines v. Zane*, 160 F2d 731 (9th Cir. 1947) (citing *Bee Berry v. Struble*, 20 Cal. App. 2d 299 (1937)).

[2] According to plaintiff's motion, he mailed a copy of the annotated settlement agreement to defense counsel, but defense counsel claimed he did not receive it. ECF No. 164 at 2.

1  claims." The terms did not include any admissions of liability. Judge Newman asked plaintiff if
2  he understood and agreed to the terms of the settlement and plaintiff responded, "Yes." Judge
3  Newman also asked plaintiff if any material term had been omitted, and plaintiff responded "No."
4        The settlement conference took place nearly two years ago. ECF No. 142. Defendants
5  have yet to receive the signed settlement documents from plaintiff. ECF No. 149-1 at 5.

6  **II.    Analysis**

7        When the parties to litigation come to an oral agreement to settle the case and agree in
8  open court to the terms of the agreement as they are placed on the record, the parties become
9  bound by the agreement even if they have not yet signed a written settlement agreement. *Doi v.*
10 *Halekulani Corp.*, 276 F.3d 1131, 1137-38 (9th Cir. 2002). Plaintiff's contention that he (and his
11 successors and assigns) did not understand or agree to release all claims, including unknown
12 claims that are the subject matter of this lawsuit, is belied by the hearing record. Judge Newman
13 recited the material terms of the settlement agreement, which included plaintiff's general release
14 of "all claims" and agreement to a "complete resolution of this matter." Plaintiff did not express
15 any confusion as to those terms or otherwise voice an objection. In addition, plaintiff's purported
16 disagreement with the language in the settlement agreement noting that the agreement "shall not
17 be treated as an admission of liability by any of the parties," is not supported by the record. The
18 terms of the settlement were straightforward and concise; they did not include any admission of
19 liability and plaintiff did not inform the settlement judge that such a term had been omitted from
20 the record. Moreover, plaintiff agreed to dismiss defendants Antipov and Downie, in part, so that
21 they could avoid certain medical reporting requirements. A protective measure of this type is not
22 consistent with an admission of liability and the very purpose of the settlement was to bring to a
23 close a matter upon which the parties disagreed. *See* ECF No. 149-2, ¶ 16. Plaintiff expressly
24 and knowingly agreed to the terms of the settlement in open court and he is now bound by the
25 terms as stated on the record just as though he had signed a written agreement containing those
26 terms. *Doi*, 276 F.3d at 1137-38. Accordingly, plaintiff's second motion for a second settlement
27 conference must be denied.
28 /////

1   For similar reasons, defendants' motion to enforce the settlement must be granted. It is
2   well settled that a district court may summarily enforce an agreement to settle a case pending
3   before it. *In re City Equities Anaheim, Ltd.*, 22 F.3d 954, 957 (9th Cir. 1994). Because an
4   agreement to settle a federal case is a contract, it is governed by state law. *Doi*, 276 F.3d at 1136.
5   "The essential elements of a contract are: parties capable of contracting; the parties' consent; a
6   lawful object; and sufficient cause or consideration." *Lopez v. Charles Schwab & Co., Inc.*, 118
7   Cal. App. 4th 1224, 1230 (2004) (citing Cal. Civ. Code § 1550). State law provides that a
8   settlement agreement is enforceable if it is complete and both parties have either agreed to its
9   terms or authorized their respective counsel to settle the dispute. *Callie v. Near*, 829 F.2d 888,
10  890 (9th Cir. 1987); *Harrop v. Western Airlines, Inc.*, 550 F.2d 1143, 1144-45 (9th Cir. 1977);
11  *see also* Cal. Civ. Proc. Code § 664.6 ("If the parties to pending litigation stipulate . . . orally
12  before the court, for settlement of the case, or part thereof, the court, upon motion, may enter
13  judgment pursuant to the terms of the settlement.").
14  The settlement agreement reached by the parties in this case meets the requirements for
15  enforcement. First, the agreement is complete in that, in consideration for the sum of $10,000,
16  plaintiff agreed to release all claims and to substitute CDCR as the sole defendant after dismissing
17  defendants Downie and Antipov. Second, plaintiff agreed to the terms of the settlement in open
18  court, on the record. He was admonished by the settlement judge that he would not be allowed to
19  back out of the settlement later.[3] Accordingly, defendants' motion to enforce the parties'
20  settlement agreement should be granted.
21  /////
22  /////
23  /////

---

[3] THE COURT: As I've told each side, there's no what I would call buyer's remorse. You can question, for example, Mr. Thomas, some of the language in the agreement but you can't refuse to sign it on the grounds of "well, I thought about it more, I should have held out for more, I talked to a cellmate who said I should have gotten more, I talked to my cousin who watches Judge Judy. That's not a basis for refusing to sign documents. . . .  Do you each understand that?

MR. THOMAS: Yes.

5

**III.     Recommendation**

For the reasons stated above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's second motion for a second settlement conference (ECF No. 164) be denied.
2. Defendants' motion to enforce the settlement agreement (ECF No. 149) be granted.
3. Defendants Downie and Antipov be dismissed from this action and CDCR be substituted as defendant.
4. Within 180 days of any order adopting these findings and recommendations, and after receiving plaintiff's completed Payee Data Form, the California Department of Corrections and Rehabilitation shall pay plaintiff or his designated payee $10,000, subject to any restitution owed by plaintiff.
5. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 23, 2017.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

6